**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BILLY GENE MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-CV-436-GKF-TLW |
| ) | |
| JAMES RUDEK, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court are Petitioner's "motion to consolidate/recusal" (Dkt. # 6) and Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 9). Petitioner filed a response (Dkt. # 11) to the motion to dismiss. For the reasons discussed below, the Court finds Petitioner's "motion to consolidate/recusal" shall be denied and Respondent's motion to dismiss shall be denied.

### *BACKGROUND*

The record provided by the parties reflects that Petitioner was convicted by a jury of First Degree Murder (Count I), and First Degree Robbery (Count II), both After Former Conviction of a Two or More Felonies, in Tulsa County District Court, Case No. CF-2006-2922. He was sentenced to life imprisonment without the possibility of parole on Count I and life imprisonment on Count II, with the sentences ordered to be served consecutively. Petitioner was represented at trial by Assistant Public Defender Marny Hill.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented on appeal by attorney Stuart W. Southerland, Petitioner raised seven (7) propositions of error, as follows:

1. The admission of the DNA evidence, without the testimony of the person who conducted the analysis of the evidence, violated provisions of Oklahoma statutory law and the Confrontation Clause of the United States Constitution.

2. DNA evidence admitted without any statistical significance was irrelevant and prejudicial in violation fo the Oklahoma Evidence code. The error contributed to the denial of Appellant's right to a fair trial under the Fourteenth Amendment to the United States Constitution.

3. The use of "other crimes" evidence in this case violated Oklahoma law and denied Appellant a fair trial under the Fourteenth Amendment to the United States Constitution.

4. The District Court's refusal to grant Appellant's request for a continuance of the trial herein constituted an abuse of discretion.

5. The search warrant affidavit in support of the search warrant for 1524 E. 51st Pl. North lacked probable cause. The search was conducted in violation of the Fourth Amendment to the United States Constitution and Article II, § 30 of the Oklahoma Constitution.

6. The jury was improperly presented with evidence of former felony convictions prior to sentencing Appellant for First Degree Murder in Count One.

7. The combined error at Appellant's trial served to deny him the right to a fair trial guaranteed by the Fourteenth Amendment to the United States Constitution.

See Dkt. # 10, Ex. 2. The record provided by Petitioner further reflects that by order filed September 23, 2009, in Case No. F-2008-1170, the OCCA granted Petitioner's motion to file a *pro se* supplemental brief. See Dkt. # 11, Ex. 6. The copy of the *pro se* supplemental brief provided by Petitioner contains the following six (6) propositions of error:

1. Appellant was deprived of effective assistance of counsel (and a fair trial) because trial counsel failed to cross examine Detective Jeff Felton concerning whether statements he asserted within the search warrant affidavit were accurate and provided to him by Shelia Jones in violation of Appellant's rights as guaranteed by the 6th and 14th Amendments of the United States Constitution.

2. Trial counsel's failure to object to a discovery violation and the use of known false evidence represented by the prosecution deprived Appellant of the effective

assistance of counsel and a fair trial in violation of the 6th and 14th Amendments of the United States Constitution.

3. Trial counsel's failure to move to suppress items seized from the residence located at 1524 E. 51st Pl. N after an illegal warrantless entry by police without exigent circumstances deprived the Appellant of the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution.

4. The search warrant obtained after the unlawful entry to look for potential dangerous persons was not obtained in good faith belief that it was supported by probable cause; contained reckless falsehoods and a material omission; facially deficient and no reasonable judge could have found the existence of probable cause.

5. Appellant was deprived of effective assistance of counsel because trial counsel failed to move to suppress all evidence obtained from the use of buccal swab evidence because Appellant was not advised of his Miranda rights in violation of the 6th Amendment of the United States Constitution.

6. Appellant was deprived of effective assistance of counsel because trial counsel failed to move to suppress all evidence obtained from the use of buccal swab DNA evidence because the search warrant affidavit contained falsehoods that rendered it defective in violation of the 6th Amendment of the United States Constitution.

(Dkt. # 11, Ex. 7). In a published opinion, filed May 13, 2010, in Case No. F-2008-1170, the OCCA rejected all of the claims raised in both the brief in chief and the *pro se* supplemental brief and affirmed the judgment and sentence of the trial court. (Dkt. # 10, Ex. 1; Marshall v. State, 232 P.3d 467 (Okla. Crim. App. 2010)).

On July 8, 2010, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises six (6) grounds of error as follows:

Ground 1: The admission of the hearsay testimony and reports without the testimony of Dr. Valerie Fuller the person who conducted the analysis of the DNA evidence violated the Confrontation Clause of the United States Constitution.

Ground 2: The use of other crimes evidence deprived Petitioner of a fair trial in violation of the United States Constitution.

Ground 3: Petitioner was deprived of effective assistance of counsel because trial counsel failed to cross-examine detective Jeff Felton concerning whether

                statements he asserted in the search warrant affidavit were accurate and provided to him by Shelia Jones.

    Ground 4:    Trial counsel's failure to object to the use of known false evidence represented by the prosecution deprived Petitioner of effective assistance of counsel.

    Ground 5:    Trial counsel's failure to move to suppress item seized from the residence located at 1524 E. 51 Pl. N after an illegal warrantless entry by the police without exigent circumstances deprived the Petitioner of the effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

    Ground 6:    Petitioner was deprived of effective assistance of counsel because trial counsel failed to move to suppress all evidence obtained from the use of buccal swab DNA evidence and because the search warrant affidavit contained falsehoods that rendered it defective in violation of the Sixth Amendment of the United States Constitution.

(Dkt. # 1). In the brief in support of the motion to dismiss (Dkt. # 10), filed August 11, 2010, Respondent states that Petitioner presented grounds 1 and 2 to the OCCA on direct appeal, but he has not exhausted state remedies for grounds 3-6. Respondent further asserts that Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief. For that reason, Respondent argues that this action must be dismissed.

## ANALYSIS

### A. Motion to consolidate/recuse shall be denied

In his motion to consolidate, Petitioner requests that this action be consolidated with another habeas action filed by Petitioner and presently pending in this Court, N.D. Okla. Case No. 08-CV-748-CVE-TLW. In the instant case, Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2006-2922. In N.D. Okla. Case No. 08-CV-748-CVE-TLW, Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2006-2740. The Court finds consolidation is unnecessary. The two habeas petitions challenge separate convictions entered following separate jury trials in two separate Tulsa County District Court cases. Nothing in the habeas statutes or rules requires consolidation under these circumstances. Petitioner's motion to consolidate shall be denied.

As to Petitioner's request that the undersigned recuse from this matter, the Court finds Petitioner's allegations to be insufficient to warrant recusal or disqualification. Under 28 U.S.C. § 455(a), "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge is required to disqualify himself under any of the circumstances identified under 28 U.S.C. § 455(b).[1] Judicial recusal is required "if a reasonable person, knowing all the

---

[1]Under 28 U.S.C. § 455(b), a judge is required to recuse in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as

circumstances, would expect that the judge would have actual knowledge of his interest or bias in the case." Sao Paulo State of the Federative Republic of Braz. v. Am. Tobacco Co., 535 U.S. 229, 233 (2002) (alterations, emphasis and internal quotation marks omitted); see also United States v. Pearson, 203 F.3d 1243, 1277 (10th Cir. 2000). Furthermore, the movant must establish that the judge has a personal bias or prejudices. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).

Petitioner bases his request for recusal on the fact that the undersigned served as Presiding Judge of the Fourteenth Judicial District of Oklahoma (which includes Tulsa County) prior to being appointed to the federal bench. Petitioner alleges that "[t]he Tulsa County District Court judges were not fair in their handling of these case issues. None of them." See Dkt. # 6 (emphasis in original). None of the circumstances listed in 28 U.S.C. § 455(b) is present in this case. Furthermore, Petitioner does not allege that the undersigned harbors any personal bias or took any role in his criminal proceedings in Tulsa County District Court. Petitioner is hereby advised that the undersigned had no involvement in Petitioner's criminal proceedings and that nothing will interfere

---

        counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
        (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
        (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
            (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
            (ii) Is acting as a lawyer in the proceeding;
            (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
            (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

with the undersigned's ability to review the claims raised in the habeas petition with impartiality. Petitioner's request for recusal of the undersigned shall be denied.

**B. Motion to dismiss shall be denied**

The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982). To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). The exhaustion requirement is based on the doctrine of comity. Coleman, 501 U.S. at 731. Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*).

Upon review of the record, the Court finds the motion to dismiss for failure to exhaust available state remedies should be denied and Respondent should be directed to respond to the claims raised in the petition. Petitioner clearly presented grounds 3-6 to the OCCA in his *pro se* supplemental brief. In addition, the OCCA considered and rejected the claims in its published opinion filed May 13, 2010. Therefore, the Court finds that Petitioner has satisfied the exhaustion requirement for the claims raised in the petition.

*CONCLUSION*

Respondent's motion to dismiss for failure to exhaust state remedies shall be denied and Respondent shall respond to the claims raised in the petition. Petitioner's "motion for consolidation/recusal" shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 9) is **denied**.

2. Within thirty (30) days of the entry of this Order, Respondent shall respond to the claims raised in the petition. Extensions of time will be granted for good cause only.

3. Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondents' response to the petition.

4. Petitioner's "motion to consolidate/recuse" (Dkt. # 6) is **denied**.

DATED THIS 2nd day of March, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma